## VAN KANNEL REVOLVING DOOR CO. v. AMERICAN REVOLVING DOOR CO.

(Circuit Court of Appeals, Seventh Circuit. April 14, 1914.)

No. 2008.

1. TRADE-MARKS AND TRADE-NAMES (§ 58*)—INFRINGEMENT.

One entitled to make and sell a patented revolving door by reason of the expiration of the patent may also illustrate its product in advertisements by a cut showing a cross-section of the door practically identical with one of the drawings of the patent without being chargeable with infringement of trade-mark, although the original maker and owner of the patent also used such cut in its advertisements.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 66, 67; Dec. Dig. § 58.*]

2. TRADE-MARKS AND TRADE-NAMES (§ 3*)—SUBJECT OF APPROPRIATION—DESCRIPTIVE WORDS.

The words "always closed," as applied to a revolving door, are merely descriptive of the door in place and performing its proper functions, and cannot be monopolized as a trade-mark by one manufacturer.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 4–7; Dec. Dig. § 3.*]

3. TRADE-MARKS AND TRADE-NAMES (§ 70*)—INFRINGEMENT.

A manufacturer, having a right to make and sell a revolving door, may advertise the same by a conventional picture of such a door, without infringing on the rights of any other maker.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 81; Dec. Dig. § 70.*]

4. TRADE-MARKS AND TRADE-NAMES (§ 92*)—SUIT FOR UNFAIR COMPETITION—SUFFICIENCY OF BILL.

A bill charging that defendant, by its wrongful acts set out, has diverted to itself trade to which complainant was entitled, does not state a cause of action for unfair competition, where the acts described were not wrongful.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 102, 103; Dec. Dig. § 92.*

Unfair competition in use of trade-mark or trade-name, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

5. TRADE-MARKS AND TRADE-NAMES (§ 58*)—MARKS SUBJECTS OF APPROPRIATION—DRAWINGS IN PATENT.

After the expiration of a patent, the public, who are entitled to manufacture the structure, have a right to employ in advertising the drawings of the expired patent, even though they have been used by the owner of the patent as a trade-mark.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 66, 67; Dec. Dig. § 58.*]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois; George A. Carpenter, Judge.

Suit by the Van Kannel Revolving Door Company against the American Revolving Door Company. From a decree denying a preliminary injunction and dismissing on motion the bill of complaint, complainant appeals. Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

T. W. Johnson, of Washington, D. C., and James S. Hopkins, of Chicago, Ill., for appellant.

Russell Wiles, of Chicago, Ill., for appellee.

Before BAKER, SEAMAN, and MACK, Circuit Judges.

MACK, Circuit Judge.   This is an appeal from a decree denying a preliminary injunction and, on motion, dismissing a bill of complaint. The bill sought to gain protection against the use by defendant of a certain geometrical figure, the phrase "Always closed," and a certain picture, in connection with the manufacture and sale of revolving doors.

It alleged that the geometrical figure or design was a valid trade-mark owned by plaintiff, used by it for years in connection with its advertising matter and applied by it to revolving doors; that the phrase "Always closed" had for eight years been used by it as a trade-name or trade-mark in its advertising and had been impressed on the doors themselves; that for years it had used a certain picture of a revolving door in place, as shown in its copyrighted catalogue attached as an exhibit to the bill, which, it was alleged, had become identified in the minds of architects, builders, and the public with its (the plaintiff's) doors.

The alleged wrongdoing consisted in the use by defendant of the design, phrase, and picture, as shown in the following cut, published by the defendant in a trade periodical.

The picture of the door here shown is similar to that in the plaintiff's catalogue.

It was agreed on the hearing for preliminary injunction that plaintiff had owned and conducted its business under a certain patent for revolving doors until the patent expired some years before the advertisement in question, and it was alleged in the bill that a consent decree had theretofore been entered against defendant for infringment of this patent.

Appellant urges that the bill is good as alleging: First. Infringement of a trade-mark, the geometrical design.   Second. Infringement of the trade-mark or trade-name "Always closed."   Third. Unlawful

simulation of the picture. None of these contentions can be upheld for the following reasons:

[1] First. Even if the geometrical figure used by defendant be deemed substantially similar to plaintiff's, both are mere cross-sectional views of the door of the expired patent and, except that they indicate four instead of three doors, are practically identical with one of the illustrations (Figure 3) of the patent. Inasmuch as defendant may now make the door, it may illustrate it in its advertisements. It is therefore unnecessary to consider whether a design of this character, not arbitrary or fanciful, but in a sense illustrative of the thing itself, could, in any event, be protected as a trade-mark.

[2] Second. The words "Always closed" are clearly merely descriptive of a revolving door in place and performing its proper function.

[3] Third. The picture shows only a conventional revolving door, one that defendant may make and therefore may illustrate.

[4] Fourth. While, therefore, plaintiff can have no exclusive rights in design, phrase, or picture, nevertheless it is entitled to protection against such use of them by defendant as would constitute fraudulent or unfair competition with it. The bill alleges that "by its wrongful acts above set forth the defendant has diverted to itself trade and custom to which plaintiff was entitled and that it otherwise would have received."

Clearly this is insufficient to sustain a bill to restrain unfair competition. Defendant's acts, as set forth in the bill, are not wrongful and cannot be made so by mere characterization; the trade is open to all honest competition; that plaintiff "was entitled" to it does not negative defendant's equal right to secure it by lawful means.

The decree must therefore be affirmed.